IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GAIL KING

                                                            ORDER

                Plaintiff,

                                                             07-cv-295-bbc

    v.

CITY OF MADISON,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       On March 11, 2008 I granted defendant City of Madison's motion for summary judgment on plaintiff Gail King's claims of discrimination under the Americans with Disabilities Act and the Rehabilitation Act. Now plaintiff has filed a motion for reconsideration on the ground that she has discovered new evidence. I construe this motion as a timely motion to alter or amend judgment under Fed. R. Civ. P. 59.

       The purpose of a Rule 59 motion is to bring the court's attention newly discovered evidence or a manifest error of law or fact. E.g., Bordelon v. Chicago School Reform Bd. of Trustees, 233 F.3d 524, 529 (7th Cir. 2000). It is not intended as an opportunity to reargue the merits of a case, Neal v. Newspaper Holdings, Inc., 349 F.3d 363, 368 (7th Cir. 2003), or to present evidence that could have been presented at an earlier time. Dal Pozzo

1

v. Basic Machinery Co., Inc., 463 F.3d 609, 615 (7th Cir. 2006). In order to obtain relief under Rule 59, the movant must "clearly establish" his or her grounds for relief. Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 n.3 (7th Cir. 2001).

In support of her Rule 59 motion, plaintiff presents what she considers to be new evidence. She claims that prior to her termination in February 25, 2005 there was a vacant Transit Scheduling/Data Assistant position available for which she should have been considered. However, she has not suggested any reason she could not have obtained and presented this evidence while the court was considering the merits of her case in connection with defendant's motion for summary judgment. Further, because I granted defendant's motion for summary judgment on the ground that plaintiff failed to show she was disabled, the availability of a different position would not have changed the result.

Plaintiff challenges my conclusion that she was not an individual with a disability protected under the Americans with Disabilities Act or the Rehabilitation Act, citing decisions by a state administrative law judge and the State of Wisconsin Labor and Industry Review Commission finding her an individual with a disability under the Wisconsin Fair Employment Act. Unfortunately for plaintiff, a state administrative law judge's determination under state law has no bearing on a federal court's determination of disability under federal law. Because plaintiff has not shown any errors in the March 11 order, her Rule 59 motion must be denied.

2

If plaintiff intends to file a notice of appeal she should be aware that the time for filing an appeal runs for all parties from the date of entry of an order disposing of a timely filed Rule 59 motion.  Fed. R. App. P. 4(a)(1)(A) provides that the notice of appeal may be filed by any party within 30 days after the entry of judgment or order appealed from. Therefore, if plaintiff intends to file an appeal in this case, she has 30 days from the date of entry of this order in which to do so.

## ORDER

IT IS ORDERED that plaintiff Gail King's motion under Fed. R. Civ. P. 59 is DENIED.

Entered this 28th March, 2008..

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge

3